UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KELLIE REGISTER, ET AL | CIVIL ACTION |
|---|---|
| VERSUS | NO: 17-290 |
| MIX BROS TANK SERVICES, INC., ET AL | SECTION: "F" (4) |

## ORDER

Before the Court is a **Motion to Compel (R. Doc. 12)** filed by Defendants Mix Bros. Tank Services, Inc. ("Mix Bros.") and Dave Morrison ("Morrison") (collectively "Defendants") seeking an order from the Court to compel Kellie Register ("Register") and her minor daughter T.R. ("T.R.") (collectively "Plaintiffs") to respond to their First Sets of Interrogatories and First Sets of Requests for Production of Documents. The motion was not opposed. The motion was submitted on May 10, 2017. For the following reasons, the Motion to Compel is **GRANTED.**

## I. Background

This action was removed from the 29th Judicial District Court for the Parish of St. Charles on January 11, 2017. R. Doc. 1. The Plaintiffs allege that Register was employed by Mix Bros. for approximately eight years and was permitted to have T.R. accompany her to work during summer vacation. R. Doc. 1-1, p. 2. On or about June 1, 2016, while the Plaintiffs where located at the offices of Mix Bros, Defendant John Kenny ("Kenny") threw a snap pop, which is a small pyrotechnic object, at T.R. The snap pop exploded near T.R.'s face and caused her fear of harm to her body. *Id.* at p. 3. At the time, both Kenny and Morrison laughed at T.R.'s reaction. The following day, Register confronted Morrision about the incident; however, Morrison allegedly insulted the Plaintiffs in response and ordered them to leave. *Id.* Register did not return to work

the next day after informing Morrison that she could not return because of emotional distress, anxiety, and concern for her daughter. *Id.* Register was allegedly terminated thereafter. *Id.*

The Plaintiffs also alleged that Morrison sexually assaulted Register in May 2016 when he approached her and made non-consensual contact while placing and removing a stack of papers from Register's chest. *Id.*

Finally, Plaintiffs also allege that Register has a documented history of anxiety, depression, and related mental health issues which were frequently triggered by Morrison screaming in the office and insulting women. *Id.* at p. 4. Plaintiffs further allege that Register respectfully requested accommodations from Morrison, but that she was denied any accommodation and further subjected to abuse and harassment until her termination. *Id.* Plaintiffs also state that Register complained about Morrison to another immediate supervisor as well as personnel in Mix Bros.'s Canada office, but no remedial action was taken. *Id.* For all the foregoing, the Plaintiffs have asserted claims against the Defendants for negligence, violations of the Family Medical Leave Act, sexual harassment, and a host other state and federal law claims.

At this time, Defendants Mix Bros. and Morrison have filed a motion to compel seeking responses to their respective discovery requests from the Plaintiffs. R. Doc. 12. The Defendants state that they served their discovery requests on the Plaintiffs on February 14, 2017. R. Doc. 12-1, p. 1. Moreover, counsel for the Defendants made a number of attempts to obtain the discovery without the Court's intervention, including the granting of extensions to reply until April 24, 2017. On April 25, 2017, the Defendants filed the instant motion after only being provided an authorization form/release of information form signed by Register. *Id.* at p. 1-3. The Defendants also seek an award of fees in connection with the instant motion.

## II. Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

Note, if the motion is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). However, the Court will not order payment

if the opposing party's nondisclosure was "substantially justified" or circumstances make the award unjust. *Id*.

## III. Analysis

For the instant motions to compel, the Defendants have alleged that the Plaintiffs have failed to properly respond to their interrogatories and requests for production of documents. Defendants have provided the proper certification for the motion to compel under Rule 37(a). R. Doc. 12-1, p. 2-3. At this time, the Plaintiffs have not yet responded to the discovery requests and have not opposed the instant motion to compel. As such, the Defendants have properly filed a motion to compel under Federal Rule of Civil Procedure 37(a)(3)(b)(iv). Therefore, the Court grants the Defendants' motion to compel.

Moreover, because the motion to compel will be been granted, the Court may impose reasonable expenses in making the instant motion to compel on the Defendant as the Plaintiff has requested. Fed. R. Civ. P. 37(a)(5)(A). Because the Plaintiffs have failed to oppose the instant motion, there is no evidence of substantial justification for failing to respond nor is there any evidence of circumstances that would make the imposition of costs unjust. As such, the Court will award reasonable expenses in making the instant motion to compel to the Defendants.

## IV. Conclusion

**IT IS ORDERED** that the Defendants' **Motion to Compel (R. Doc. 12)** is **GRANTED.**

**IT IS FURTHER ORDERED** that the Plaintiffs' are to respond to the Defendants' discovery request no later than ten days from the issuance of this order.

**IT IS FURTHER ORDERED** that Mix Bros. Tank Services, Inc. and Dave Morrison are awarded attorneys' fees and costs in connection with the Motion to Compel (R. Doc. 12).

**IT IS FURTHER ORDERED** that the Defendants shall file a motion to fix attorney fees into the record by **May 23, 2017,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **May 30, 2017**. The motion shall be set for hearing on **June 7, 2017**, to be heard without oral argument.

New Orleans, Louisiana, this <u>10th</u> day of May 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**