UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLIE REGISTER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-290** |
| **MIX BROS TANK SERVICES, INC., ET AL** | **SECTION: "F" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Sanctions (R. Doc. 15)** filed by Defendants Mix Bros. Tank Services, Inc. ("Mix Bros.") and Dave Morrison ("Morrison") (collectively "Defendants") seeking an order from the Court sanctioning Plaintiffs Kellie Register ("Register") and her minor daughter T.R. ("T.R.") (collectively "Plaintiffs") for failing to obey the Court's prior order (R. Doc. 13). The motion was submitted on June 7, 2017 and heard with oral argument on June 14, 2017. For the following reasons, the motion is **GRANTED**.

**I.     Background**

This action was removed from the 29th Judicial District Court for the Parish of St. Charles on January 11, 2017. R. Doc. 1.  The Plaintiffs allege that Register was employed by Mix Bros. for approximately eight years and was permitted to have T.R. accompany her to work during summer vacation. R. Doc. 1-1, p. 2. On or about June 1, 2016, while the Plaintiffs where located at the offices of Mix Bros, Defendant John Kenny ("Kenny") threw a snap pop, which is a small pyrotechnic object, at T.R. The snap pop exploded near T.R.'s face and caused her fear of harm to her body. *Id.* at p. 3. At the time, both Kenny and Morrison laughed at T.R.'s reaction. The following day, Register confronted Morrision about the incident; however, Morrison allegedly insulted the Plaintiffs in response and ordered them to leave. *Id.* Register did not return to work

the next day after informing Morrison that she could not return because of emotional distress, anxiety, and concern for her daughter. *Id.* Register was allegedly terminated thereafter. *Id.*

The Plaintiffs also alleged that Morrison sexually assaulted Register in May 2016 when he approached her and made non-consensual contact while placing and removing a stack of papers from Register's chest. *Id.*

Finally, Plaintiffs also allege that Register has a documented history of anxiety, depression, and related mental health issues which were frequently triggered by Morrison screaming in the office and insulting women. *Id.* at p. 4. Plaintiffs further allege that Register respectfully requested accommodations from Morrison, but that she was denied any accommodation and further subjected to abuse and harassment until her termination. *Id.* Plaintiffs also state that Register complained about Morrison to another immediate supervisor as well as personnel in Mix Bros.'s Canada office, but no remedial action was taken. *Id.* For all the foregoing, the Plaintiffs have asserted claims against the Defendants for negligence, violations of the Family Medical Leave Act, sexual harassment, and a host other state and federal law claims.

At this time, the Defendants have filed a Motion for Sanctions seeking to have the Plaintiffs sanctioned for failing to obey a discovery order issued by this Court. R. Doc. 15. On May 23, 2017, the undersigned issued an order to the Plaintiffs to respond to the Defendants' First Sets of Interrogatories and First Sets of Requests for Production of Documents no later than ten days from the issuance of that order. R. Doc. 13, p. 4. At this time, the Defendants state that the Plaintiffs have responded only with inadequate responses to the First Set of Interrogatories to Plaintiff Kellie Register, but have not responded to the First Set of Requests for Production of Documents to both Plaintiffs nor the First Set of Interrogatories to Plaintiff T.R. R. Doc. 15-1, p. 2. As such, the

Defendants seek sanctions under Federal Rule of Civil Procedure 37, including dismissal and an award of attorneys' fees. R. Doc. 15, p. 1.

## II. Standard of Review

"Federal Rule of Civil Procedure 37(b)(2) empowers a district court to impose 'just' sanctions on parties who disobey a discovery order." *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994). While this power is "considerable," it is "not unlimited," and the Court must exercise "discretion in fashioning appropriate penalties for those who disobey" discovery orders. *Id.* (citing *Chilcutt v. United States,* 4 F.3d 1313, 1320 (5th Cir. 1993)).

Under Rule 37(b)(2), the Court "may issue further just orders" including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). Additionally, the Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## III. Analysis

Here, the Defendants have filed a motion requesting that the Court sanction the Plaintiffs for failing to comply with the Court's prior discovery order. R. Doc. 15. In particular, the Defendants seek either the dismissal of the instant action or other appropriate action, including attorneys' fees. R. Doc. 15-1, p. 5.

3

At the outset, the Court notes that the Plaintiffs' failed to respond to the First Set of Requests for Production of Documents to both Plaintiffs and the First Set of Interrogatories to Plaintiff T.R. by the deadline impose by the Court. This failure to respond is in direct violation of this Court's May 23, 2017 order issued pursuant to Federal Rule of Civil Procedure 37(a). R. Doc. 13. Therefore Court has the authority to sanction the Plaintiffs. Fed. R. Civ. P. 37(b)(2)(A).

While the Defendants seek a dismissal of the instant action as a result of the Plaintiffs' failure to cooperate in discovery, "[t]he draconian sanction of dismissal is reserved exclusively for contumacious and continuing discovery misconduct." *Childs v. Lexington Ins. Co.*, No. 08-4509, 2009 WL 1941346 at *1 (E.D. La. July 1, 2009); *F.D.I.C.*, 20 F.3d at 1381 (internal citations and quotations omitted) ("Because the law favors the resolution of legal claims on the merits and because dismissal is a severe sanction that implicates due process, we have previously deemed dismissal with prejudice to be a draconian remedy and a remedy of last resort."). The Fifth Circuit has articulated a number of considerations in determining if dismissal is appropriate, including: (i) "'if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;'" (ii) whether the violation is the fault of the client rather than the attorney; (iii) whether the misconduct substantially prejudices the other party; and (iv) if some less drastic sanction can substantially achieve the desired effect. *F.D.I.C.*, 20 F.3d at 1380-81 (quoting *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990)).

During oral argument, after hearing from the Plaintiffs' attorney concerning his difficulties responding to discovery as a result of time-issues on his part as well as apparently some difficulties obtaining information from the Plaintiffs, the Court determined that the severe sanction of dismissal would be inappropriate and premature at this time. Rather, the Court finds that an award

of attorneys' fees associated with the instant motion for sanctions to be appropriate. Further, the Court orders both the attorney as well as the Plaintiffs to pay those fees.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that Defendants Mix Bros. Tank Services, Inc. and Dave Morrison's **Motion for Sanctions (R. Doc. 15)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Mix Bros. Tank Services, Inc. and Dave Morrison are awarded attorneys fees in connection with the **Motion for Sanctions (R. Doc. 15)** to be paid by both the Plaintiffs' attorney as well as the Plaintiffs.

**IT IS FURTHER ORDERED** that the Defendants shall file a motion to fix attorney fees into the record by **June 20, 2017,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **June 27, 2017**. The motion shall be set for hearing on **July 5, 2017**, to be heard without oral argument.

New Orleans, Louisiana, this <u>15th</u> day of June 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**