# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KELLIE REGISTER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 17-290** |
| **MIX BROS TANK SERVICES, INC., ET AL** | **SECTION: "F" (4)** |

## ORDER

Before the Court is a **Motion to Fix Attorneys' Fees (R. Doc. 14)** filed by the Defendants Mix Bros. Tank Services, Inc. ("Mix Bros.") and Dave Morrison ("Morrison") (collectively "Defendants"), seeking an order from the Court to fix the attorneys' fees in the amount of $1,620.00. The motion is not opposed. The motion was submitted on June 7, 2017.

## I.  Background

On May 11, 2017, the Court granted the Defendants Motion to Compel finding in part that the Defendants were entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5). R. Doc. 13. As part of that order, the Court ordered that the Defendants file a motion to fix attorney's fees and costs. *Id.* The Defendants thereafter filed the subject motion on May 22, 2017 requesting $1,620.00 in attorneys' fees. R. Doc. 14-1, p. 2.

## II.  Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by "… the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, "…provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors

delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended", and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

## III.    Reasonable Hourly Rate

The "appropriate hourly rate. . .is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir.2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

*prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, the Defendants have requested a reasonable hourly rate of $180 for work completed by Mark Carver. R. Doc. 14-1, p.4. Carver has roughly 23 years of experience. The Court finds these rates to be reasonable—if not especially discounted. *See, e.g., EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $300 for an attorney with 10 years of experience); *see also see also Calix v. Marine, LLC*, No. 14-2430, 2016 WL 4194119, at *6 (E.D. La. July 14, 2016) *report and recommendation adopted*, 2016 WL 4180977 (approving $180 for first year associate); *Atel Mar. Investors, LP v. Sea Mar Mgmt., LLC,* No: 08–1700, 2011 U.S. Dist. LEXIS 68436, 2011 WL 2550505 (E.D. La. June 27, 2011) (Roby, M.J.) (awarding $175 for an associate with two (2) years of experience);*Construction South, Inc. v. Jenkins,* No. 11–1201, 2011 U.S. Dist. LEXIS 99254, 2011 WL 3882271 (E.D.La. July 29, 2011) (Knowles, M.J.) (awarding $180/hour for an associate with two (2) years of experience).

Additionally, the Plaintiffs do not challenge these rates. Therefore, they are *prima facie* reasonable. *Powell* 891 F.2d at 1173.

### IV. <u>**Hours Reasonably Spent on Litigation**</u>

Next, the court must determine what hours of time were reasonably expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*. at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The

3

remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

When the motion for attorneys' fees is in connection to a Rule 37(a) motion to compel, the reasonable hours are further limited to only those hours directly connected to the motion to compel. *Stagner v. W. Kentucky Navigation, Inc.*, No. 02-1418, 2004 U.S. Dist. LEXIS 1936 (E.D. La. Feb. 10, 2004) ("However, Rule 37(a) does not contemplate costs incurred by the party in the normal course of litigation, absent a direct relation to the motion to compel.").

Here, the Defendants have provided a billing statement demonstrating that Carver spent 9 hours working on the instant motion to compel and attempting to obtain the discovery at issue. R Doc. 14-2, p. 3-6. In reviewing the hours expended, the Court does not find them to unreasonable nor have Plaintiffs challenged the hours.

**V.** *Lodestar* **Calculation**

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each attorney as:

| Attorney | **Reasonable Hourly Rate** | **Reasonable Hours Expended** | *Lodestar* **Amount** |
|---|---|---|---|
| Mark Carver | $180.00 | 9.0 | $742.50 |
| | | **Total:** | **$1,620.00** |

The total *Lodestar* amount then is **$1,620.00**.

## VI. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing Walker v. U.S. Department of Housing and Urban Development, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

## VII. Conclusion

Accordingly,

**IT IS ORDERED** that Defendants **Motion to Fix Attorney's Fees (R. Doc. 14)** is **GRANTED**. The Defendants are awarded reasonable attorney's fees and expenses in the amount of **$1,620.00**.

**IT IS FURTHER ORDERED** that the Plaintiffs shall satisfy their obligation to Defendant no later than **twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 15th day of June 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**